MILLS, APPELLANT, *v.* THE PENNSYLVANIA NEW YORK
CENTRAL TRANSPORTATION CO., APPELLEE.

98

(No. 68-189—Decided December 24, 1968.)

*Messrs. Tyler, Richards & Grieser, Mr. Robert C. Tyler* and *Mr. C. Richard Grieser,* for appellant.

*Mr. Roy W. Short* and *Mr. Edward J. Utz,* for appellee.

MATTHIAS, J.   This case must be decided in light of the United States Supreme Court cases interpreting the Federal Employer's Liability Act.   Those cases most heavily relied upon by appellant may be summarized as follows:

In *Rogers* v. *Missouri Pacific Rd. Co.,* 352 U. S. 500, the petitioner was working burning weeds that had grown up beside the railroad tracks.   When a train came by, petitioner moved to a position near a culvert to look for hotboxes, as he had been instructed to do by his foreman. The passing train fanned flames from the burning weeds so that they enveloped petitioner, causing him to retreat to the top of the culvert from which he fell.

In a subsequent action for injuries, petitioner received

a favorable jury verdict in the trial court. The Supreme Court of Missouri reversed, finding as a matter of law that petitioner's injuries were his own fault.

The United States Supreme Court reversed and reinstated the jury verdict, saying, at pages 506 to 509 in the opinion:

"Under this statute [F.E.L.A.] the test of a jury case is simply whether the proofs justify with reason the conclusion that employer negligence played any part, even the slightest, in producing the injury or death for which damages are sought. * * *

"The law [F.E.L.A.] was enacted because the Congress was dissatisfied with the common-law duty of the master to his servant. The statute supplants that duty with the far more drastic duty of paying damages for injury or death at work due in whole or in part to the employer's negligence. The employer is stripped of his common-law defenses and for practical purposes the inquiry in these cases today rarely presents more than the single question whether negligence of the employer played any part, however small, in the injury or death which is the subject of the suit. The burden of the employee is met, and the obligation of the employer to pay damages arises, when there is proof, even though entirely circumstantial, from which the jury may with reason make that inference.

"* * * Originally, judicial administration of the 1908 Act substantially limited the cases in which employees were allowed a jury determination. That was because the courts developed concepts of assumption of risk and of the coverage of the law, which defeated employee claims as a matter of law. Congress corrected this by the 1939 amendments and removed the fetters which hobbled the full play of the basic congressional intention to leave to the fact-finding function of the jury the decision of the primary question raised in these cases—whether employer fault played any part in the employee's mishap.

"* * * Some say the Act has shortcomings and would prefer a workman's compensation scheme. The fact that Congress has not seen fit to substitute that scheme cannot

relieve this court of its obligation to effectuate the present congressional intention by granting certiorari to correct instances of improper administration of the Act and to prevent its erosion by narrow and niggardly construction. * * *,,

In *Gallick* v. *Baltimore and Ohio Rd. Co.*, 372 U. S. 108, the plaintiff was bitten by an unidentified insect near a stagnant pond located on railroad right of way. The bite became infected. The infection spread throughout plaintiff's body. As a result of the infection, both of plaintiff's legs were amputated.

In an action for injuries, a jury verdict was rendered for plaintiff. Upon appeal, the Court of Appeals reversed (173 N. E. 2d 382), reasoning that (at page 388):

"As we view the record before us, we have a chain of possibilities that the negligence of the defendant might have shared in subjecting the plaintiff to damage and injury, but the proof of a legal causal conection between the negligence and the damage falls short of that required for the consideration of a jury.

"Whether the insect causing the damage had any connection with the pool of stagnant water on the defendant's premises, or whether it came from the nearby putrid mouth of the Cuyahoga River, or from weeds, or unsanitary places situated on property not owned or controlled by the railroad, presents only a series of guesses and speculations, which speculations make a chain of causation too tenuous to support a conclusion of liability on the part of the railroad."

This court dismissed an appeal as of right and overruled a motion to certify the record. (172 Ohio St. 488.)

The United States Supreme Court reversed, saying, at page 113 in the opinion:

"* * * The only question was whether or not the insect was from or had been attracted by the pool. We hold that the record shows sufficient evidence to warrant the jury's conclusion that petitioner's injuries were caused by the acts or omissions of respondent."

In *Webb* v. *Illinois Central Rd. Co.*, 352 U. S. 512, the

petitioner, while working as a brakeman, injured his knee-cap in a fall on a cinder roadbed. He slipped on an un-noticed and partially covered cinder "about the size of his fist" embedded in the level but soft roadbed.

Petitioner sued in the federal District Court and re-covered a jury verdict for damages. The federal Court of Appeals reversed, but was, in turn, reversed by the United States Supreme Court.

It was conceded by the railroad that the clinker repre-sented a hazardous condition. The only question remain-ing was whether the evidence raised a jury question of the railroad's negligence in causing or permitting the clinker to be there. The United States Supreme Court said that it did, on the basis that the evidence showed that three weeks before petitioner's fall the railroad had elevated the track at the spot of the fall, using clinkers as ballast, and had failed to screen out any large clinkers that might be in the ballast.

In *Brown* v. *Western Ry. of Alabama,* 338 U. S. 294, the state of Georgia had a special rule of practice to con-strue pleading allegations "most strongly against the pleader." Following this rule, the Georgia trial court sustained a demurrer (dispositive, on the merits) to a peti-tion which alleged that petitioner had fallen on a large clinker in one of respondent's railway yards and that respondent railroad's negligence consisted of "leaving clinkers * * * and other debris along the side of [the] track in its yards * * * well knowing that said yards in such condition were dangerous for use by brakemen, work-ing therein * * *." The Court of Appeals affirmed and the Supreme Court of Georgia denied certiorari.

The United States Supreme Court allowed certiorari and reversed the Georgia appellate court, holding that (a) a state rule of procedure cannot bar an F.E.L.A. action and (b) the petition stated a cause of action.

In *McBride* v. *Toledo Terminal Rd. Co.,* 354 U. S. 517, the plaintiff had slipped while descending an icy ladder on the side of a box car at night in one of defendant's rail-

road yards. The jury returned a verdict for plaintiff, and special interrogatories disclosed that the only respect in which the defendant was negligent was in its failure to provide adequate lighting in the area in which plaintiff had been working at the time of the injury. The trial court rendered judgment for defendant, *non obstante veredicto,* and sustained conditionally defendant's motion for a new trial should there be a reversal upon appeal.

The Court of Appeals reversed the judgment of the trial court and remanded the cause for a retrial, but this court allowed a motion to certify the record and reversed (six judges concurring and one judge abstaining) the judgment of the Court of Appeals, reinstating the judgment of the trial court (166 Ohio St. 129).

The United States Supreme Court, in turn, reversed this court in a one sentence *per curiam* opinion, citing *Rogers v. Missouri Pacific Rd. Co., supra* (352 U. S. 500), as authority.

In *Harris v. Pennsylvania Rd. Co.,* 361 U. S. 15, the plaintiff had slipped while working, in the mud, on the retracking of a derailed box car on a rainy day. No one other than plaintiff witnessed the accident.

In his subsequent F.E.L.A. action against the defendant railroad plaintiff testified that the defendant was negligent in that it failed to provide him with a safe place to work in that the crosstie, upon which he placed one foot while moving a heavy timber and from which he slipped, was elevated five inches above the railway roadbed and had grease on it. Plaintiff testified only as to finding grease on his shoe—not on the crosstie. He testified that he never looked to see if there was grease on the crosstie.

The trial court allowed the case to go to the jury, which awarded plaintiff a substantial verdict. Judgment for the plaintiff having been entered upon the verdict, an appeal was prosecuted by defendant. After affirmance by a divided Court of Appeals came the allowance of a motion to certify the record and a unanimous reversal by this court. (168 Ohio St. 582.)

The United States Supreme Court, in a *per curiam* opinion, reversed this court, again citing *Rogers* v. *Missouri Pacific Rd. Co., supra* (352 U. S. 500).

These cases demonstrate how strictly the rule of the *Rogers case* (that any employer negligence, however slight, which contributes to cause the injury is actionable) is to be applied in all F.E.L.A. cases.[1]

In the instant case, the plaintiff alleges (and there is evidence in the record to support) two bases for railroad negligence:

(1) There was inadequate lighting at the place of the injury, creating a hazardous situation.

(2) There was coal and other debris lying around the immediate vicinity where plaintiff was working.

This case, in light of the United States Supreme Court cases interpreting the Federal Employer's Liability Act, should have been allowed to go to the jury, and accordingly we reverse the judgment of the Court of Appeals.

We do this reluctantly, and invite the United States Supreme Court to consider how closely the strict application of the rule of the *Rogers case* approaches a scheme of workman's compensation, substituting the jury in place of a board of experts and allowing an open-end award in lieu of a fixed statutory amount. The amount of damages awarded by juries in F.E.L.A. actions often appears exorbitant when compared to the slight degree of employer negligence which contributed to cause the employee's injury.[2] We believe that it would be appropriate for the United States Supreme Court to carefully review its former decisions, in light of the fact that the rule of the *Rogers*

---

[1] We have held that the use of the words, "in the slightest degree," or the phrase, "in any degree," in connection with contributory negligence in a charge to the jury in an action under state substantive law constitutes reversible error. See *Bahm* v. *Pittsburgh & Lake Erie Rd. Co.*, 6 Ohio St. 2d 192.

[2] The jury awards in the cases discussed were as follows: *Rogers*, $40.000; *Gallick*, $625,000; *Webb*, $15,000; *McBride*, $51,000 and *Harris*, $25,000.

*case,* as it has been applied, imposes legal responsibilities on railroad employers that the Congress of the United States never intended.

Since this cause may be retried, we need to deal with the question raised by appellant as to the propriety of the trial court's having disallowed counsel for appellant the privilege of examining, as if upon cross-examination, two fellow members of the crew of which plaintiff was a part on the date of his injury. Plaintiff's counsel sought this right under Section 2317.52, Revised Code, which in pertinent part reads:

"*When* the action or proceeding relates to a transaction or occurrence in which *it has been shown* or it is admitted *that the adverse party acted* either in whole or in part *through an agent or employee, such agent or employee* of the adverse party *may be called as a witness and examined as if under cross-examination* upon any matters at issue between the parties which are shown or admitted to have been within the scope of such agent's or employee's authority or employmert." (Emphasis added.)

The trial court specifically asked counsel for plaintiff whether there was any negligent conduct being claimed by plaintiff on the part of the crew members who plaintiff's counsel sought to cross-examine. It was only after a denial of any claim of negligence on the part of those crew members was elicited from plaintiff's counsel that the trial court disallowed interrogation as if under cross-examination. We agree with the trial court's interpretation of Section 2317.52, Revised Code, as allowing cross-examination, only of those agents or employees through whom the adverse party acted, and as to whom some negligence is claimed. That is, we believe that the agent or employee of the adverse party had to play some active part in the alleged negligent conduct of the party for whom he acted in order for that agent or employee to be subjected to "examination as if under cross-examination," as provided for by Section 2317.52, Revised Code. Accordingly, we find no error by the trial court in this matter.

106

The judgment of the Court of Appeals is reversed and the cause is remanded to the Court of Common Pleas for further proceedings not inconsistent with this opinion.

*Judgment reversed.*

O'NEILL, TROOP and BROWN, JJ., concur.

HERBERT, J., concurs in the syllabus and in the judgment.

TAFT, C. J., and ZIMMERMAN, J., concur in paragraphs one and two of the syllabus, but dissent from the judgment.

TROOP, J., of the Tenth Appellate District, sitting for SCHNEIDER, J.