MARCH et al., Appellants,

v.

DILLY DOOR COMPANY, Appellee.

[Cite as *March v. Dilly Door Co.* (1991), 74 Ohio App.3d 662.]

Court of Appeals of Ohio,
Defiance County.

No. 4–90–11.

Decided June 27, 1991.

*Arthur, O'Neil & Mertz Co., L.P.A.,* and *Eric A. Mertz,* for appellants.

*Ryan, Borland, Snavely & Strausbaugh* and *Stephen K. Snavely,* for appellee.

Evans, Judge.

This is an appeal from a judgment of the Court of Common Pleas, Defiance County, in favor of the defendant-appellee based on a jury verdict that the defendant-appellee was not negligent in its repair of a house and not liable for fraud or misrepresentation in the sale of that house to the plaintiffs-appellants.

In 1981, the defendant-appellee, Dilly Door Company, purchased a house that had been damaged by fire. The defendant remodeled the house, which included installing a new roof. New rafters were installed, but the old charred rafters were left in place. These rafters were only visible from inside the attic. To gain access to the attic, one must climb a stepladder and climb through an entrance in the hallway ceiling.

The defendant listed the house with Yoder's Realty, Inc. ("Yoder"). Based on the defendant's representations, Yoder advertised the house "in good condition with new kitchen, bath, doors, windows, furnace, water heater, plumbing, carpet, siding, gutters. New rafters, sheeting, and shingles over second floor."

In January 1983, the plaintiffs-appellants, Mr. and Mrs. Fred L. March, after meeting only with an agent from Yoder, leased the house from the defendant and then exercised their option to purchase the house in April of that year.

Over three years later, in November 1986, Mr. March noticed the roof sagging. He then inspected the attic for the first time since moving in. At that time, he noticed the charred rafters.

The plaintiffs filed a complaint on November 17, 1987. They voluntarily dismissed the complaint and refiled on January 27, 1989. The complaint alleged, in count one, that the defendant misrepresented that the house was in good condition and had failed to disclose that the house had been damaged by fire. The second count alleged that the defendant failed to remodel the house in a workmanlike manner. The real estate agent was not named as a party defendant in the complaint.

A jury trial was held on September 18, 1990. The jury returned a verdict for the defendant on both counts. The plaintiffs appeal and assert as their first assignment of error:

"The trial court erred in overruling appellants' request to instruct the jury with regard to agency."

The plaintiffs argue that without an instruction on agency, the jury could have concluded that the real estate agents, not the defendant, misrepresented

the condition of the house. Based on the record, we disagree with the plaintiffs' argument and find that the issue of agency was irrelevant in this case.

 The thrust of this assignment of error arises out of the failure to disclose to the plaintiffs the fact that the subject real estate had been damaged in a fire prior to the sale. If the defendant had a duty to disclose this fact to the plaintiffs, then the defendant also had a duty to inform its agent of the fire so that information could be passed on to the prospective buyer. On the other hand, if the defendant had no duty to disclose the prior fire, it follows that the agent has been guilty of no misrepresentation. The plaintiffs make no other charge of misrepresentation against the agent. Thus, there is no other claim against the defendant based on the conduct of the agent. If the agent made no misrepresentations and was guilty of no misconduct which must be attributed to the defendant in order to permit the plaintiffs to recover, a charge to the jury on agency would be irrelevant and it would not be error for the court to refuse to give it.

The plaintiffs point to no authority in support of their claim that the defendant had a duty to disclose the fact that the subject real estate had previously been damaged by fire. Furthermore, we have found no Ohio case which imposes this duty on the owner of real property. Under the facts of this case, we decline to impose such a duty on the owner. The record shows the subject real estate was acquired by the defendant after it had been damaged by fire for the purpose of restoring the property and selling it after the restoration was completed. We find nothing in the record to support the claim that the restoration was incomplete or improperly done. In fact the plaintiffs rented the house for a time before deciding to purchase and then lived in the property for three more years without any serious complaints. We hold that the rule of caveat emptor applies here. Since we find that the defendant had no duty to disclose that the house had previously been damaged by fire, an instruction on agency would have been irrelevant.

Accordingly, we overrule the first assignment of error.

 The second assignment or error states:

"The trial court erred in refusing to allow appellant[s] to ask an expert a hypothetical question."

We disagree. In order to ask an expert a hypothetical question, the party must first establish that the witness is an expert. Evid.R. 702. Here, the plaintiffs never established that the witness was an expert. We also question whether the information sought involved "scientific, technical, or other specialized knowledge" as required by Evid.R. 702. The question was: "[I]f you

would have known about this fire prior to the sale, would you have told a potential buyer or buyers of that?" The question appears to ask the realtor his personal opinion, not, for example, his opinion as a knowledgeable realtor familiar with the industry standards in that region. Thus, the trial court did not err in not allowing the plaintiffs to ask the hypothetical question.

Accordingly, we overrule the second assignment of error.

The third assignment of error states:

"The trial court erred in not allowing appellant[s] to ask leading questions of a witness when that witness is the agent of the appellee."

The plaintiffs cite R.C. 2317.52 as authority for examining agents as if on cross-examination. There must be, however, a prior showing that the agent played an active role in the alleged negligent conduct. *Mills v. Pennsylvania New York Central Transp. Co.* (1968), 16 Ohio St.2d 97, 45 O.O.2d 447, 243 N.E.2d 99. The plaintiffs failed to make such a showing.

Further, under Evid.R. 611(C), a party may ask leading questions of his own witness if that witness is hostile, an adverse party, or identified with an adverse party. The mere fact that the witness served as the real estate agent for the defendant six years before does not mean that the witness is necessarily hostile or identified with the defendant. Nor did the plaintiffs establish during the course of the testimony that the witness was hostile or identified with the defendant. In fact, the questioning had just begun when this issue arose. Therefore, we find that the trial court did not err by not allowing leading questions to be asked pursuant to Evid.R. 611(C).

Accordingly, we overrule the third assignment of error.

Having found no error prejudicial to the plaintiffs-appellants in the particulars assigned and argued, we affirm the decision of the trial court.

*Judgment affirmed.*

HADLEY and SHAW, JJ., concur.