SIDENSTRICKER, Appellant,

v.

MILLER PAVEMENT MAINTENANCE, INC., Appellee.

[Cite as *Sidenstricker v. Miller Pavement Maintenance, Inc.*, 158 Ohio App.3d 356, 2004-Ohio-4653.]

Court of Appeals of Ohio,
Tenth District, Franklin County.

No. 03AP–827.

Decided Sept. 2, 2004.

358

Ferron & Associates, John W. Ferron, Leslie Blair Graden, and Lisa A. Wafer, for appellant.

Buckingham, Doolittle & Burroughs, L.L.P., Jan E. Hensel and Kimberly Cocroft, for appellee.

_____

PEGGY BRYANT, Judge.

{¶ 1} Plaintiff-appellant, James A. Sidenstricker II, appeals from a judgment of the Franklin County Court of Common Pleas, entered on remand, in favor of defendant-appellee, Miller Pavement Maintenance, Inc., on (1) plaintiff's claim of retaliatory discharge in violation of R.C. 4123.90, (2) plaintiff's claim of wrongful discharge in violation of the public policy embodied in R.C. 4123.90, and (3) plaintiff's motion for a new trial. Because the trial court improperly deprived plaintiff of his right to a jury, we reverse the court's judgment and remand for a jury trial.

{¶ 2} This case was previously before this court in *Sidenstricker v. Miller Pavement Maintenance, Inc.* (Oct. 25, 2001), Franklin App. No. 00AP–1146, 2001 WL 1286419, where the underlying facts of this case were detailed. Briefly, as pertinent to this appeal, the procedural aspects of that case are that plaintiff filed a complaint alleging that defendant had wrongfully discharged plaintiff from employment, in violation of R.C. 4123.90 and public policy under the statute, in retaliation for plaintiff's exercising his statutory right to pursue workers' compensation benefits. In addition to attorney fees for each claim, plaintiff sought reinstatement and lost wages for his statutory retaliatory-discharge claim under R.C. 4123.90, as well as full compensatory damages and punitive damages in his claim for wrongful discharge in violation of public policy established under the statute.

{¶ 3} In accordance with plaintiff's demand for a jury trial, the trial court conducted a trial by jury on plaintiff's claims. Following the close of plaintiff's case-in-chief, the trial court directed a verdict in favor of defendant, finding that plaintiff had failed to establish a prima facie case on either his statutory or public-policy claims under R.C. 4123.90. Plaintiff filed an appeal with this court from the trial court's adverse judgment. *Sidenstricker,* supra.

{¶ 4} In the previous appeal, this court concluded that plaintiff had presented sufficient evidence of, and complied with the statutory requirements supporting, his retaliatory-discharge claims based on R.C. 4123.90 and on public policy under the statute so as to survive defendant's motions for directed verdict. *Sidenstricker,* supra. We reversed the trial court's judgment on the stated claims and remanded the case for further proceedings.

{¶ 5} On remand, after various procedural matters were resolved, the matter was set for retrial. Before trial commenced, the trial court determined that pursuant to *Kulch v. Structural Fibers, Inc.* (1997), 78 Ohio St.3d 134, 151, 677

N.E.2d 308, plaintiff had to prove the following to establish a claim of wrongful discharge in contravention of public policy: (1) a clear public policy exists and is manifested in a state or federal constitution, statute or administrative regulation, or in the common law (the "clarity" element); (2) dismissing employees such as those involved in plaintiff's dismissal would jeopardize the public policy (the "jeopardy" element); (3) conduct related to the public policy motivated plaintiff's dismissal (the "causation" element); and (4) defendant, the employer, lacked overriding legitimate justification for the dismissal (the "overriding justification" element).

{¶ 6} The trial court properly noted that the first two elements of the public-policy wrongful-discharge claim are questions of law for the court to decide. *Kulch*, supra; *Collins v. Rizkana* (1995), 73 Ohio St.3d 65, 70, 652 N.E.2d 653. Accordingly, the trial court expressly found that plaintiff had met the clarity and jeopardy elements in this case. The court then correctly noted that the third and fourth elements of a public policy claim are factual issues to be tried to a jury. See *Kulch* and *Collins*, supra. The trial court, however, deemed those elements to be equivalent to the statutory claim's "legitimate, nondiscriminatory reason analysis," which the trial court, not a jury, decides as a matter of law. Id.; *White v. Simpson Industries, Inc.* (C.A.6, 2001), No. 99–4182, 1 Fed.Appx. 462. See, generally, *White v. Mt. Carmel Med. Ctr.*, 150 Ohio App.3d 316, 2002-Ohio-6446, 780 N.E.2d 1054, at ¶ 37, and *Sidenstricker*, supra.

{¶ 7} Applying that rationale, the trial court concluded that plaintiff's two claims arose out of the same underlying facts, shared common issues, and were based upon the same statute. Determining that plaintiff had no right to a jury trial on his statutory retaliatory-discharge claim, and further concluding that the public-policy claim was dependent upon the statutory claim, the court advised the parties that it would conduct a bench trial on the R.C. 4123.90 retaliatory-discharge claim and would "proceed to a jury trial on the public-policy claim, if necessary." Notwithstanding plaintiff's protests that the procedure denied him his right to a jury trial on the public-policy wrongful-discharge claim, the trial court commenced a three-day bench trial on plaintiff's R.C. 4123.90 retaliatory-discharge claim.

{¶ 8} In its judgment entered May 2, 2003, the trial court concluded that although plaintiff had proven a prima facie case of statutory retaliatory discharge under R.C. 4123.90, plaintiff's statutory claim ultimately failed because the court found that plaintiff was unable to show that defendant's proffered nonretaliatory reasons for discharging plaintiff were mere pretext. Thus concluding, the trial court then found that plaintiff's public-policy claim, which is based upon public policy embodied solely in R.C. 4123.90, also failed. The court entered judgment

for defendant on plaintiff's two claims, and it subsequently denied plaintiff's motion for a new trial. Plaintiff appeals, assigning the following errors:

Assignment of Error No. 1:

The trial court erred and abused its discretion by denying Sidenstricker's request to cross-examine Debbie Hain, an agent and former long-term employee of Miller Pavement.

Assignment of Error No. 2:

The trial court erred and abused its discretion to the prejudice of Sidenstricker by admitting and considering irrelevant trial testimony about alleged performance issues in 1997 when only appellant Sidenstricker's 1998 job performance was properly before the court.

Assignment of Error No. 3:

The trial court erred by entering judgment in favor of Miller Pavement upon appellant Sidenstricker's public policy tortious wrongful discharge claim without permitting a jury to determine the merits of the claims.

Assignment of Error No. 4:

The trial court erred and abused its discretion by refusing to permit appellant Sidenstricker to present proper rebuttal evidence at trial.

Assignment of Error No. 5:

The trial court erred and abused its discretion by denying appellant Sidenstricker's motion for a new trial upon grounds that the trial court improperly denied appellant Sidenstricker a jury trial of his public policy tort claim and upon grounds that the trial court improperly denied appellant Sidenstricker the opportunity to proffer proper rebuttal testimony regarding appellee Miller Pavement's alleged business justification defense.

{¶ 9} Because our resolution of plaintiff's third assignment of error is dispositive, we address it first. In it, plaintiff asserts that the trial court committed error warranting reversal when it denied plaintiff his right to have a jury determine whether he had established his public-policy wrongful-discharge claim. Plaintiff contends that although the trial court was within its authority under *Kulch* to judicially determine that plaintiff had met the burden of proof on the clarity and jeopardy elements of his public-policy claim, the court usurped the jury's function and had no discretion to preempt a jury from deciding whether the causation and overriding-justification elements of the public policy claim also were met.

{¶ 10} Section 5, Article I, Ohio Constitution preserves "inviolate" the right to a jury trial for those civil actions where the right existed prior to the adoption of the state Constitution. *Hoops v. United Tel. Co. of Ohio* (1990), 50 Ohio St.3d 97, 553 N.E.2d 252. The right to a jury trial is substantive rather

than procedural. *Kneisley v. Lattimer–Stevens Co.* (1988), 40 Ohio St.3d 354, 356, 533 N.E.2d 743. Where a statute sets forth a new civil right that affords equitable relief for which there was no right to trial by jury under the common law, there is no right to trial by jury for an action brought under the statute unless the legislature grants the right. *Hoops* at 98–100, 553 N.E.2d 252.

{¶ 11} While a statutory retaliation claim under R.C. 4123.90 affords equitable relief and has no right to a jury trial, it is well established that a wrongful-discharge claim based on violation of public policy under R.C. 4123.90 is a common-law claim that provides legal relief for which a right to a jury trial is expressly recognized for part of the claim. *Boyd v. Winton Hills Med. & Health Ctr., Inc.* (1999), 133 Ohio App.3d 150, 162, 727 N.E.2d 137; *Brunecz v. Houdaille Indus., Inc.* (1983), 13 Ohio App.3d 106, 13 OBR 123, 468 N.E.2d 370; *Kent v. Chester Labs, Inc.* (2001), 144 Ohio App.3d 587, 761 N.E.2d 60. See *Collins,* 73 Ohio St.3d at 70, 652 N.E.2d 653 (holding that the factual issues of causation and overriding justification are to be decided by a jury). Accord *Wiegerig v. Timken Co.* (2001), 144 Ohio App.3d 664, 673, 761 N.E.2d 118; *Poland Twp. Bd. of Trustees v. Swesey,* Mahoning App. No. 02–CA–185, 2003-Ohio-6726, 2003 WL 22946148, at ¶ 9; *Crandall v. Fairborn,* Greene App. No. 2002–CA–55, 2003-Ohio-3765, 2003 WL 21658469, at ¶ 50; *Barnes v. Cadiz* (Mar. 19, 2002), Harrison App. No. 01–531–CA, 2002 WL 925040; *Dunnigan v. Lorain,* Lorain App. No. 02CA008010, 2002-Ohio-5548, 2002 WL 31313216, at ¶ 28.

{¶ 12} Moreover, the remedies under the two claims differ. A common-law wrongful-discharge action based on a violation of public policy established in the workers' compensation statutes allows a full range of remedies, including full monetary recovery, that are not available under the limited remedy provided in a statutory claim brought under R.C. 4123.90. The statutory claim allows equitable relief only, in the form of reinstatement with back pay and lost wages. *Balyint v. Arkansas Best Freight Sys.* (1985), 18 Ohio St.3d 126, 130, 18 OBR 188, 480 N.E.2d 417; *Boyd,* 133 Ohio App.3d at 162, 727 N.E.2d 137; *Rauhuff v. Am. Fan Co.* (June 21, 1999), Butler App. No. CA98–09–188, 1999 WL 527783. A request for legal relief in the public-policy claim is neither incidental to nor dependent upon first obtaining equitable relief in the statutory claim. A plaintiff may pursue a common-law wrongful-discharge claim for violation of public policy expressed in R.C. 4123.90 in addition to or in lieu of pursuing a statutory retaliation claim directly under R.C. 4123.90. *Balyint; Boyd; Rauhuff,* supra.

{¶ 13} In construing the federal constitutional right to a jury trial in civil actions in federal court, the United States Supreme Court has held that when an action presents both legal and equitable claims involving the same facts and issues, a jury must decide the legal claims before the court determines the

equitable claims. *Lytle v. Household Mfg., Inc.* (1990), 494 U.S. 545, 550, 110 S.Ct. 1331, 108 L.Ed.2d 504; *Dairy Queen, Inc. v. Wood* (1962), 369 U.S. 469, 479, 82 S.Ct. 894, 8 L.Ed.2d 44; *Beacon Theatres, Inc. v. Westover* (1959), 359 U.S. 500, 510, 79 S.Ct. 948, 3 L.Ed.2d 988. Accord *Raskow v. Fortner* (Apr. 15, 1998), Summit App. No. 18399, 1998 WL 178570; *State v. Cordle* (Jan. 8, 1985), Franklin App. No. 84AP–484; *Reeb v. Ohio Dept. of Rehab. & Corr.* (C.A.6, 2003), 81 Fed.Appx. 550, 554. As a result, the trial court is bound by the jury's factual findings on the public-policy claim as it affects the court's disposition of the accompanying statutory claim. See *Raskow; Cordle,* supra; *Gutzwiller v. Fenik* (C.A.6, 1988), 860 F.2d 1317, 1332; *Kitchen v. Chippewa Valley Schools* (C.A.6, 1987), 825 F.2d 1004, 1014; *Crain v. Cincinnati Auto. Club* (S.D.Ohio 1990), No. C–1–88–0295, 1990 WL 198404.

{¶ 14} Finding the reasoning of the federal courts to be persuasive and applicable here, we hold that plaintiff was entitled to a jury trial on his legal, public-policy cause of action, and the trial court's decision to try plaintiff's statutory claim before submitting plaintiff's public-policy claim to the jury deprived plaintiff of his right to a jury trial on the public-policy claim. We further hold that where the same factual conduct gives rise to issues common to a statutory retaliatory-discharge claim under R.C. 4123.90 and a wrongful-discharge claim in violation of public policy embodied in the statute, the former tried to the court and the latter tried in part to a jury, the court must defer to, and is bound by, the findings of the jury on the common issues. In that way, the trial court preserves the right to a jury trial on issues where the right exists and prevents the trial court's rendering a judgment contrary to the jury's verdict.

{¶ 15} Here, the issues in the statutory claim addressing whether plaintiff was discharged for reasons that violate R.C. 4123.90 or, instead, was discharged for legitimate business reasons independent of the statute are equivalent to the factual issues in the third and fourth elements of plaintiff's public-policy claim, for which plaintiff has a right to trial by jury. *Collins; Boyd; White v. Simpson Industries, Inc.* (C.A.6, 2001), No. 99–4182, 2001 WL 45240. Accordingly, the trial court improperly precluded a jury from deciding whether plaintiff established the third and fourth elements of his public-policy claim, and the court thus infringed plaintiff's right to a jury trial on that claim. Rather, a jury must resolve these issues before the trial court may resolve plaintiff's statutory claim, and so this matter must be remanded for a trial by jury on the third and fourth elements of plaintiff's public-policy claim.

{¶ 16} The trial court's determination that the first two elements of the public-policy claim are established as a matter of law is res judicata, the court's determination having been properly made in accordance with *Kulch* and not having been appealed. Once the jury has made its factual determinations

concerning the public-policy claim and that claim is resolved, the trial court may proceed with its disposition of plaintiff's statutory claim, but it may not render judgment contrary to the jury's findings on the public-policy claim. Plaintiff's third assignment of error is sustained.

{¶ 17} Plaintiff's remaining assignments of error will be briefly addressed, as they may arise again during retrial. Plaintiff's first assignment of error asserts that the trial court abused its discretion when it prohibited plaintiff from examining a witness as if on cross-examination, as R.C. 2317.52 and Evid.R. 611(C) allow. Specifically, plaintiff contends that he should have been allowed to call Debbie Hain as an adverse witness and question her as if on cross-examination.

{¶ 18} Hain, defendant's former payroll and benefits clerk who was responsible for processing workers' compensation claims, testified to her knowledge of plaintiff's pursuit of workers' compensation benefits and defendant's response to it. The trial court sustained defendant's objection to plaintiff's calling Hain as an adverse witness and questioning her as if on cross-examination, stating, "[If I get] the impression she is aligned towards Miller Pavement, if I get that impression, I may be inclined to permit a change of gears and call her as on cross, but outside of that, you are calling her on direct examination." Plaintiff argues that he was prejudiced as a result of the trial court's ruling because he was not permitted to cross-examine Hain concerning her knowledge of (1) obstacles defendant allegedly imposed on plaintiff's filing a workers' compensation claim and (2) defendant's reasons for terminating plaintiff's employment.

{¶ 19} Whether a party may ask leading questions and examine its own witness as if on cross-examination is within the discretion of the trial court. *Ramage v. Cent. Ohio Emergency Serv., Inc.* (1992), 64 Ohio St.3d 97, 592 N.E.2d 828, paragraph six of the syllabus, citing *Seley v. G.D. Searle & Co.* (1981), 67 Ohio St.2d 192, 204, 21 O.O.3d 121, 423 N.E.2d 831. To examine an agent or employee under R.C. 2317.52 as if on cross-examination, there must be a prior showing that the agent or employee had special knowledge of or played an active role in the adverse party's alleged tortious conduct at issue. *Mills v. Pennsylvania New York Cent. Transp. Co.* (1968), 16 Ohio St.2d 97, 105, 45 O.O.2d 447, 243 N.E.2d 99; *March v. Dilly Door Co.* (1991), 74 Ohio App.3d 662, 666, 600 N.E.2d 281; *Welch v. Baltimore & Ohio Ry. Co.* (1961), 117 Ohio App. 160, 161–164, 23 O.O.2d 323, 191 N.E.2d 359. Under Evid.R. 611(C), a party may ask leading questions of his or her own witness if that witness is hostile, an adverse party, or identified with the adverse party.

{¶ 20} At the time of trial, defendant had not employed Hain for five years. Plaintiff failed to show that Hain had special knowledge of or played an

active role in defendant's decision to terminate plaintiff's employment, the tortious conduct at issue here, or that she was hostile to plaintiff or identified with defendant. Hain's knowledge of defendant's alleged adverse employment actions toward plaintiff were adequately explored on plaintiff's direct examination of Hain. Plaintiff has not demonstrated that the trial court abused its discretion in precluding plaintiff from calling and questioning Hain as an adverse witness. Plaintiff's first assignment of error is overruled.

{¶ 21} In his second assignment of error, plaintiff asserts that the trial court abused its discretion in admitting and considering evidence concerning plaintiff's 1997 job performance. Specifically, over plaintiff's continuing objection that the evidence was irrelevant and thus inadmissible, the trial court permitted defendant to present evidence concerning several incidents of allegedly poor job performance during plaintiff's 1997 employment with defendant. Defendant argued in the trial court, and the trial court ultimately found, that plaintiff's poor job performance in 1997 was a substantial factor in defendant's decision to terminate plaintiff's employment in May 1998.

{¶ 22} Plaintiff contends that the evidence was not probative of defendant's decision to terminate plaintiff's employment in May 1998 because (1) plaintiff continued to work for defendant in 1997 long after the incidents of poor performance supposedly occurred, (2) defendant failed to take disciplinary action or discuss the incidents with plaintiff, and (3) defendant recruited and rehired plaintiff after the 1997 construction season ended. Plaintiff argues that the 1997 performance issues are irrelevant and inadmissible in regard to defendant's termination of plaintiff's employment in 1998 where there was a break in plaintiff's service and defendant's decision to fire plaintiff was made shortly after defendant learned that plaintiff intended to file a workers' compensation claim.

{¶ 23} A trial court has broad discretion in the admission or exclusion of evidence, and absent a clear showing that the court abused its discretion in a manner that materially prejudices a party, we will not disturb the trial court's evidentiary ruling. *Krischbaum v. Dillon* (1991), 58 Ohio St.3d 58, 65, 567 N.E.2d 1291; *Knowles v. Ohio State Univ.*, Franklin App. No. 02AP–527, 2002-Ohio-6962, 2002 WL 31819687, at ¶ 31. Only evidence that is relevant is admissible. Evid.R. 401, 402.

{¶ 24} Plaintiff's job performance in 1997 arguably was relevant to the legitimate, nonretaliatory reason defendant proffered for firing plaintiff in May 1998: repeated incidents of poor job performance in 1997 followed by a further performance problem shortly after plaintiff recommenced employment with defendant in 1998. Nor can we say that the alleged 1997 incidents were so remote in time that they are irrelevant as a matter of law. Rather the length of time

between the incidents and the date when plaintiff's employment was terminated is a factor that goes to the weight, not the admissibility, of the evidence. The trial court did not abuse its discretion in admitting the evidence, and plaintiff's second assignment of error accordingly is overruled.

{¶ 25} In his fourth assignment of error, plaintiff asserts that the trial court abused its discretion by improperly limiting plaintiff's rebuttal evidence. Plaintiff contends that the proffered rebuttal evidence was not cumulative and was admissible to rebut defendant's evidence that plaintiff was discharged for a legitimate business reason unrelated to his pursuit of a workers' compensation claim.

{¶ 26} Rebuttal evidence is "that given to explain, refute, or disprove new facts introduced into evidence by the adverse party; it becomes relevant only to challenge the evidence offered by the opponent, and its scope is limited by such evidence." *State v. McNeill* (1998), 83 Ohio St.3d 438, 446, 700 N.E.2d 596. What evidence is admissible as proper rebuttal lies within the discretion of the trial court. Id.

{¶ 27} As the trial court properly found, in plaintiff's case-in-chief he established a prima facie case that defendant had engaged in retaliatory discharge in violation of R.C. 4123.90 in terminating plaintiff's employment. In response to plaintiff's evidence, defendant presented evidence that plaintiff had several instances of poor job performance in 1997, as well as one instance in 1998. Defendant proffered plaintiff's poor job performance as a legitimate, nonretaliatory basis for its decision to terminate plaintiff's employment that was independent of plaintiff's pursuit of workers' compensation benefits. In rebuttal, plaintiff sought to present evidence to show that defendant's proffered reason for terminating plaintiff's employment was a mere pretext. Plaintiff presented testimony refuting each of the instances of alleged poor job performance for which defendant had presented evidence in its case-in-chief.

{¶ 28} Although the trial court sustained a number of defendant's objections during plaintiff's rebuttal testimony, the objections were properly sustained because they were directed at cumulative testimony, improper form of questions, or speculative or otherwise improper testimony. Notwithstanding the trial court's sustaining a number of defendant's objections to plaintiff's rebuttal evidence, plaintiff was afforded ample opportunity during rebuttal to present evidence that defendant's proffered reason for terminating plaintiff's employment due to repeated instances of poor job performance was a mere pretext. We cannot say that the trial court abused its discretion as to the evidence it excluded. Plaintiff's fourth assignment of error is overruled.

{¶ 29} Plaintiff's fifth assignment of error challenges the trial court's denial of plaintiff's motion for a new trial. Because we have sustained plaintiff's third assignment of error, set aside the trial court's judgment, and remanded this matter for trial by jury, plaintiff's fifth assignment of error is rendered moot and need not be discussed. App.R. 12(A)(1)(c).

{¶ 30} Having sustained plaintiff's third assignment of error, rendering moot his fifth assignment of error, and having overruled plaintiff's first, second, and fourth assignments of error, we reverse the trial court's judgment reflected in its May 2, 2003 entry. We remand this cause to the trial court, where plaintiff is entitled to a jury trial on the third and fourth elements of his public-policy wrongful-discharge claim, the establishment of the first and second elements being res judicata. Following the jury trial, if plaintiff prevails on his public-policy wrongful-discharge claim, the trial court shall proceed with its disposition of the statutory retaliatory-discharge claim and shall award any equitable relief to which plaintiff may be entitled on the statutory claim. If plaintiff does not prevail on his public-policy wrongful-discharge claim, plaintiff's claim for retaliatory discharge in violation of R.C. 4123.90 shall be dismissed for failure of proof on the claim.

Judgment reversed
and cause remanded.

BROWN and SADLER, JJ., concur.