OPINION
{¶ 1} Plaintiff-appellant, Burton M. Koss, appeals from a judgment of the Franklin County Court of Common Pleas granting a directed verdict at the close of plaintiff's case in favor of defendant-appellee, The Kroger Company ("Kroger"). Because the trial court did not err by granting a directed verdict in defendant's favor, we affirm.
 {¶ 2} Testimony from plaintiff and Pam Mardis, plaintiff's live-in girlfriend, established the following facts. On October 1, 2002, at approximately 10:30 p.m., plaintiff, Ms. Mardis, and Ms. Mardis's 12-year-old daughter, Nicole, drove to a Kroger store on Georgesville Road in Columbus, Ohio, to shop for groceries. Although they were *Page 2 
not legally married, plaintiff, Ms. Mardis, and Nicole lived together as a family, and Nicole considered plaintiff to be her stepfather.
 {¶ 3} After plaintiff parked the car in the parking lot in front of the store, plaintiff, who at the time was not wearing shoes or socks, Ms. Mardis, and Nicole entered the store and began to shop. No sign was posted indicating that patrons were required to wear shoes in the store.
 {¶ 4} After they entered the store, Jeff Schaible, a store employee, approached plaintiff in the presence of the others and informed him that the health code required patrons to wear shoes in the store. Responding to Mr. Schaible, plaintiff replied that the health code did not require him to wear shoes. Following this conversation with Mr. Schaible, plaintiff asked to be left alone and continued shopping. Stating that he was going to find a police officer, Schaible then left the area.
 {¶ 5} Shortly thereafter, Officer Blanch Tucker, a Columbus police officer who at the time was employed by the store on a special-duty assignment, and another store employee, Lisa Swisher, approached plaintiff. Officer Tucker informed plaintiff that the health code required him to wear shoes in the store. Plaintiff states he barely had time to respond before Officer Tucker took him by the arm and escorted him out of the store. Officer Tucker released plaintiff's arm while they stood on the sidewalk in front of the store. Officer Tucker also purportedly stated that she recognized plaintiff as a person who was involved in a similar incident at another grocery store.
 {¶ 6} After Officer Tucker escorted plaintiff from the store, Ms. Mardis and Nicole went to a register to pay for their groceries. Realizing that she needed plaintiff's bank card to pay for the groceries, Ms. Mardis sent Nicole outside to retrieve the bank card from plaintiff. In Officer Tucker's presence, plaintiff gave Nicole the bank card while he *Page 3 
remained on the sidewalk in front of the store. Nicole then went inside the store and gave the bank card to her mother.
 {¶ 7} Meanwhile, plaintiff remained on the sidewalk and waited for Ms. Mardis and Nicole to exit the store. At some point, Officer Tucker informed plaintiff that he had to leave the front of the store and the parking lot. Plaintiff said he believed Officer Tucker's order was "utterly ridiculous" because Officer Tucker was aware that plaintiff was waiting for Ms. Mardis and Nicole to complete their purchase in the store. Although plaintiff specifically told Officer Tucker that he was waiting for a child, Officer Tucker nonetheless insisted that plaintiff leave the front of the store and the parking lot.
 {¶ 8} Officer Tucker walked with plaintiff to his car. With the driver's-side door to his car opened, plaintiff looked at Officer Tucker, looked back at the store to see whether Ms. Mardis and Nicole had yet exited the store, and then told Officer Tucker that she was making a serious mistake. At that point, Officer Tucker placed plaintiff under arrest. (Tr. Vol. I, 166-167.)
 {¶ 9} Officer Tucker placed a handcuff on one of his wrists and ordered plaintiff to drop his keys and turn around. Plaintiff complied with this order. Officer Tucker then cuffed plaintiff's hands behind his back, escorted him to the front of the store, and called for a police cruiser. According to plaintiff, "probably more than five minutes passed between the time Tucker released me on the sidewalk in front of the store, and the time that she handcuffed me while I had the door to my car open." (Tr. 179.)
 {¶ 10} A police cruiser arrived shortly thereafter, and plaintiff was placed in the backseat of the cruiser. Police officers transported plaintiff to jail where he ultimately was *Page 4 
charged with criminal trespassing.[1] After posting bond, plaintiff was released the next morning at approximately 5 a.m.
 {¶ 11} On October 3, 2002, asserting a claim of false arrest, plaintiff filed a complaint against Kroger in the Franklin County Municipal Court. After the municipal court granted summary judgment in favor of Kroger, plaintiff appealed to this court. See Koss v. TheKroger Co., Franklin App. No. 03AP-1199, 2004-Ohio-3595 ("Koss I"). Finding that a genuine issue of material fact existed as to whether plaintiff was told to leave the store, the Koss I court affirmed in part and reversed in part the trial court's judgment and remanded the case to the municipal court.
 {¶ 12} On remand to the municipal court, plaintiff dismissed the action without prejudice pursuant to Civ. R. 41(A). Asserting a claim of false arrest, plaintiff refiled his action in the Franklin County Court of Common Pleas. Plaintiff's case ultimately proceeded to a jury trial before a visiting judge. At the close of plaintiff's evidence, Kroger moved for a directed verdict under Civ. R. 50, which the trial court granted.
 {¶ 13} From the trial court's judgment granting a directed verdict in favor of Kroger, plaintiff now appeals. Plaintiff advances the following errors for our consideration:
 Assignment of Error No. 1:
 The trial court erred in granting the Appellee's motion for directed verdict at the close of the Appellant's case, because the trial court's decision conflicts with the doctrine of the Law of the Case, and because the evidence at trial is sufficient to meet the burden of the plaintiff in an action for false arrest.
 Assignment of Error No. 2:
 The trial court erred in admitting irrelevant evidence at trial that was prejudicial to the Appellant. The trial court permitted *Page 5 
testimony at trial about facts and events that had no bearing on the question of whether probable cause existed for the arrest of the Appellant. The introduction of irrelevant evidence caused substantial confusion of the issues at trial, and contributed significantly to the trial court's error in granting the Appelle's [sic] motion for a directed verdict.
 {¶ 14} "A motion for directed verdict tests whether the evidence is sufficient to warrant a jury's consideration, so in deciding whether to grant a directed verdict, a trial court considers neither the weight of the evidence nor the credibility of the witnesses." Jarupan v.Hanna, 173 Ohio App.3d 284, 2007-Ohio-5081, at ¶ 8, citing Estate ofCowling v. Estate of Cowling, 109 Ohio St.3d 276, 2006-Ohio-2418, at ¶ 31; Wagner v. Roche Laboratories (1996), 77 Ohio St.3d 116, 119.
 {¶ 15} "According to Civ. R. 50(A)(4), a motion for directed verdict should be granted when, after construing the evidence most strongly in favor of the party against whom the motion is directed, `reasonable minds could come to but one conclusion upon the evidence submitted and that conclusion is adverse to such party.'" Groob v. Keybank,108 Ohio St.3d 348, 2006-Ohio-1189, at ¶ 14, reconsideration denied,109 Ohio St.3d 1483, 2006-Ohio-2466. "In deciding [a motion for a directed verdict], the court must assume that the evidence presented by the non-movant is true and must give the non-movant the benefit of all reasonable inferences to be drawn from that evidence." Halk v.Cedarville College (June 26, 1998), Greene App. No. C.A. 97-CA-75, citing Ruta v. Breckenridge-Remy Co. (1982), 69 Ohio St.2d 66, 68. "The court's function is `to determine whether there exists any evidence of substantial probative value in support of [the non-movant's] claim.'"Halk, supra, quoting Ruta, at 69.
 {¶ 16} "Because a directed verdict tests only the sufficiency of the evidence, it presents a question of law that appellate courts review de novo." Jarupan, at ¶ 8, citing *Page 6 Groob, at ¶ 14; Goodyear Tire Rubber Co. v. Aetna Cas. SuretyCo., 95 Ohio St.3d 512, 2002-Ohio-2842, at ¶ 4, reconsideration denied sub nom. Aetna Cas. Sur Co. v. Goodyear Tire Rubber Co.,96 Ohio St.3d 1489, 2002-Ohio-4478. "`[D]e novo appellate review means that the court of appeals independently reviews the record and affords no deference to the trial court's decision.'" Koehring v. Ohio Dept. ofRehab. Corr, Franklin App. No. 06AP-396, 2007-Ohio-2652, at ¶ 10, quoting BP Communications Alaska, Inc. v. Cent. Collection Agency
(2000), 136 Ohio App.3d 807, 812, dismissed, appeal not allowed,89 Ohio St.3d 1464, citing Hall v. Ft. Frye Loc. School Dist. Bd. of Edn.
(1996), 111 Ohio App.3d 690, 694; see, also, Hicks v. Leffler (1997),119 Ohio App.3d 424, 427 (stating that de novo review requires an appellate court to review a judgment independently).
 {¶ 17} By his first assignment of error, plaintiff asserts that the trial court erred by granting a directed verdict in favor of Kroger because: (1) the trial court's decision conflicts with the "law of the case" doctrine; and (2) plaintiff presented sufficient evidence to meet his burden in an action for false arrest.[2]
 {¶ 18} "[T]he [law of the case] doctrine provides that the decision of a reviewing court in a case remains the law of that case on the legal questions involved for all subsequent proceedings in the case at both the trial and reviewing levels." Nolan v. Nolan (1984), 11 Ohio St.3d 1,3, citing Gohman v. St. Bernard (1924), *Page 7 111 Ohio St. 726, 730, reversed on other grounds, New York Life Ins. Co. v.Hosbrook (1935), 130 Ohio St. 101; Gottfried v. Yocum (App. 1953), 72 Ohio Law Abs. 343, 345.
 {¶ 19} The law of the case doctrine "is considered to be a rule of practice rather than a binding rule of substantive law and will not be applied so as to achieve unjust results." Nolan, at 3, citingGohman, at 730-731. While the decision of an appellate court in a prior appeal must ordinarily be followed in a subsequent appeal in the same case and court, Layne v. Westfield Ins. Co. (Feb. 13, 2002), Ross App. No. 01CA2596, appeal not allowed, 95 Ohio St.3d 1475, "this * * * is subject to exception: `An Appellate Court may choose to re-examine the law of the case it has itself previously created, if that is the only means to avoid injustice.'" Id., quoting Pavlides v. Niles Gun Show,Inc. (1996), 112 Ohio App.3d 609, 615, appeal not allowed,77 Ohio St.3d 1473, reconsideration denied (1997), 77 Ohio St.3d 1549, and reconsideration stricken (1997), 78 Ohio St.3d 1443 .
 {¶ 20} Assuming arguendo that the law-of-the-case doctrine applies after a case has been refiled in another court following a voluntary dismissal, the issue of fact that the Koss I court identified is not determinative of the issue now before us. See, e.g., Koss I, at ¶ 17 (stating that "there is a question of material fact regarding whether appellant was told by an employee or agent of Kroger to leave the store, an element of the offense of criminal trespassing and key to whether the detention was unlawful, and whether appellant resisted exiting the store when the officer grabbed his arm").
 {¶ 21} Here, in the case before us, plaintiff concedes that Officer Tucker ordered him to leave the sidewalk in front of the store and parking lot. Consequently, the issue of fact that the Koss I court identified is irrelevant to our determination regarding whether the trial court erred by finding that, as a matter of law, Officer Tucker had *Page 8 
probable cause to arrest plaintiff in the parking lot. Plaintiff's contention that the trial court's decision conflicts with the law-of-the-case doctrine is, therefore, not well-taken.
 {¶ 22} Besides claiming that the trial court's decision conflicts with the "law of the case" doctrine, plaintiff in his first assignment of error also asserts that the trial court erred by granting a directed verdict in Kroger's favor because plaintiff presented sufficient evidence to meet his burden in an action for false arrest.
 {¶ 23} "False arrest developed as a tort akin to trespass and criminal conversation, requiring no evil intent but merely an intrusion into a protected right." Harvey v. Horn (1986), 33 Ohio App.3d 24, 27. InHarvey, this court explained: "The essence of the tort of false arrest is the depriving of a person of his or her liberty without lawful justification. Specifically, a plaintiff must show only that he or she was detained and that the detention was unlawful. The tort does not require proof of malice, motive or lack of probable cause." Id. Still, although the tort of false arrest does not require proof of a lack of probable cause, id., at 27, "the issue of probable cause remains significant in a false arrest case because its existence renders the arrest lawful." Hinkle v. Columbus, Franklin App. No. 04AP-1195,2006-Ohio-1522, at ¶ 20, appeal not allowed, 110 Ohio St.3d 1465,2006-Ohio-4288.
 {¶ 24} Accordingly, plaintiff's claim that his evidence satisfies his burden in his false arrest action resolves to a determination of whether, after construing plaintiff's evidence most strongly in plaintiff's favor, plaintiff's evidence is sufficient to warrant a jury's consideration of whether plaintiff was deprived of his liberty without lawful justification. When resolving this issue, we must also consider whether the trial court *Page 9 
erred in determining, as a matter of law, that Officer Tucker had probable cause to arrest plaintiff for criminal trespassing, a violation of former R.C. 2911.21(A)(4).[3]
 {¶ 25} "`Trespass' is a broad general word meaning any violation of law resulting in injury or damage to another. Its meaning is restricted in criminal law by other facts to which its application is directed."Dayton v. Gigandet (1992), 83 Ohio App.3d 886, 890. Former R.C. 2911.21
provided in part:
 (A) No person, without privilege to do so, shall do any of the following:
 * * *
 (4) Being on the land or premises of another, negligently fail or refuse to leave upon being notified to do so by the owner or occupant, or the agent or servant of either.
 * * *
 (D) Whoever violates this section is guilty of criminal trespass, a misdemeanor of the fourth degree.
 (E) As used in this section, "land or premises" includes any land, building, structure, or place belonging to, controlled by, or in custody of another, and any separate enclosure or room, or portion thereof.
 {¶ 26} "A police officer is entitled to arrest a person for a misdemeanor based upon probable cause." State v. Harn (Aug. 20, 1987), Franklin App. No. 87AP-269. Ordinarily, the issue of probable cause is one of fact to be resolved at trial; however, the issue of probable cause may be determined as a matter of law upon a record that allows for only one reasonable conclusion. Evans v. Smith (1994),97 Ohio App.3d 59, 69, citing *Page 10 McFinley v. Bethesda Oak Hosp. (1992), 79 Ohio App.3d 613, 617, jurisdictional motion overruled, 65 Ohio St.3d 1436, citing Huber v.O'Neill (1981), 66 Ohio St.2d 28, 30.
 {¶ 27} "Probable cause to arrest a person for a misdemeanor exists when there are circumstances which would cause a reasonable person to believe that a crime had been committed in his presence." Harn, supra; see, also, Koss I, at ¶ 13, quoting Harn, supra. "Probable cause deals not with certainties, but with probabilities." State v. Williams (Nov. 21, 1997), Montgomery App. No. 16306, citing Brinegar v. UnitedStates (1949), 338 U.S. 160, 69 S.Ct. 1302, rehearing denied,338 U.S. 839, 70 S.Ct. 31. Probable cause "is a flexible, common sense standard."Williams, supra, citing Texas v. Brown (1983), 460 U.S. 730,103 S.Ct. 1535. "A police officer, acting spontaneously in making arrest for a crime which occurs in his presence, does not have time to deliberate on the surrounding facts and circumstances and to review with a lawyer the sections of the criminal code which might be applicable to the conduct."Harn, supra. "The test for a lawful arrest is not whether the arresting officer properly identified the crime committed, but whether there was probable cause." Id.
 {¶ 28} Former R.C. 2911.21(A)(4) made it an offense for a person to refuse to leave another's premises upon being notified to do so by the owner or occupant of the premises or the agent or servant of either. In this instance, plaintiff's evidence showed that he was escorted from the store by Officer Tucker. Even construing this evidence most strongly in plaintiff's favor, reasonable minds can come to but one conclusion, namely, that Officer Tucker reasonably believed that plaintiff refused to vacate the premises after having been notified to leave. Furthermore, after having been escorted from the store, plaintiff remained on the premises for "probably more than five minutes" before his arrest for criminal trespassing. Even after Officer Tucker insisted that plaintiff *Page 11 
leave the front of the store and the parking lot, instead of entering his car to leave, plaintiff delayed his departure further by looking back at Officer Tucker, looking back at the store to see if he could see Ms. Mardis and Nicole, and by making a comment informing Officer Tucker that she was making a mistake. Because, even after construing the evidence most strongly in plaintiff's favor, reasonable minds could only conclude that Officer Tucker had a reasonable basis to believe that plaintiff was not complying with her order to leave the parking lot and was therefore committing the offense of trespass, Officer Tucker had probable cause to arrest plaintiff for criminal trespassing.
 {¶ 29} Finding that Officer Tucker, as a matter of law, had probable cause to arrest plaintiff for criminal trespassing, we therefore conclude that plaintiff's evidence was insufficient to warrant a jury's consideration regarding whether plaintiff was deprived of his liberty without lawful justification.
 {¶ 30} For the reasons set forth above, we therefore overrule plaintiff's first assignment of error.
 {¶ 31} By his second assignment of error, plaintiff asserts that the trial court prejudicially erred by admitting irrelevant evidence, which, according to plaintiff, purportedly caused issues to become substantially confused at trial. Specifically, plaintiff contends that the trial court prejudicially erred: (1) by admitting evidence about a previous confrontation between plaintiff and Kroger employees at the same Kroger store where plaintiff was later arrested; (2) by permitting evidence about plaintiff's confrontation at another grocery store where plaintiff apparently was asked to leave due to his lack of footwear; (3) by admitting evidence about plaintiff's lawsuit against another grocery chain; (4) by admitting evidence about plaintiff's encounters at other Kroger stores; and (5) by *Page 12 
permitting evidence indicating that plaintiff belonged to an organization known as the Society for Barefoot Living.
 {¶ 32} "The issue of whether testimony or evidence is relevant or irrelevant, confusing or misleading, is best decided by the trial judge, who is in a significantly better position to analyze the impact of the evidence on the jury." Renfro v. Black (1990), 52 Ohio St.3d 27, 31, rehearing denied, 53 Ohio St.3d 710, citing Columbus v. Taylor (1988),39 Ohio St.3d 162, 164, rehearing denied, 40 Ohio St.3d 707;Calderon v. Sharkey (1982), 70 Ohio St.2d 218.
 {¶ 33} "A trial court has broad discretion in the admission or exclusion of evidence, and absent a clear showing that the court abused its discretion in a manner that materially prejudices a party, [an appellate court] will not disturb the trial court's evidentiary ruling."Sidenstricker v. Miller Pavement Maintenance, Inc., 158 Ohio App.3d 356,2004-Ohio-4653, at ¶ 23, appeal allowed (2005), 104 Ohio St.3d 1459,2005-Ohio-204, appeal dismissed as improvidently allowed (2006),110 Ohio St.3d 1258, 2006-Ohio-4203, citing Krischbaum v. Dillon (1991),58 Ohio St.3d 58, 65; Knowles v. Ohio State Univ., Franklin App. No. 02AP-527, 2002-Ohio-6962, at ¶ 31.
 {¶ 34} "In reviewing the trial court's admission or exclusion of evidence, [an appellate court] must limit its review to whether the trial court's decision was unreasonable, arbitrary or unconscionable."State v. Grinnell (1996), 112 Ohio App.3d 124, 147, appeal not allowed by, 77 Ohio St.3d 1474, and appeal not allowed by, 77 Ohio St.3d 1475, citing State v. Finnerty (1989), 45 Ohio St.3d 104. An unreasonable decision is one that is unsupported by a sound reasoning process.AAAA Enterprises, Inc. v. River Place Community Urban RedevelopmentCorp. (1990), 50 Ohio St.3d 157, 161; see, also, Dayton ex rel.Scandrick v. McGee (1981), 67 Ohio St.2d 356, 359, citing *Page 13 
Black's Law Dictionary (5 Ed.) (observing that "`[unreasonable' means `irrational'"); State v. Congrove, Franklin App. No. 06AP-1129,2007-Ohio-3323, at ¶ 9. An arbitrary attitude, on the other hand, is an attitude that is "`without adequate determining principle * * * not governed by any fixed rules or standard.'" Scandrick, at 359, quoting Black's Law Dictionary (5 Ed.); see, also, Congrove, at ¶ 9. "Unconscionable" may be defined as "affronting the sense of justice, decency, or reasonableness." Black's Law Dictionary (8 Ed. 2004) 1561.
 {¶ 35} Evid. R. 403(A) provides that "[although relevant, evidence is not admissible if its probative value is substantially outweighed by the danger of unfair prejudice, of confusion of the issues, or of misleading the jury." See, generally, Evid. R. 401 (providing that "`[r]elevant evidence' means evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence").
 {¶ 36} "Evid. R. 403 speaks in terms of unfair prejudice." State v.Wright (1990), 48 Ohio St.3d 5, 8, rehearing denied, 48 Ohio St.3d 711. "In order for the evidence to be termed inadmissible, its probative value must be minimal and its prejudicial effect great." State v.Freily (Dec. 5, 1997), Marion App. No. 9-97-19 (Hadley, J., dissenting), citing State v. Bernatowicz (1989), 62 Ohio App.3d 132, 138, citingState v. Morales (1987), 32 Ohio St.3d 252, 258, certiorari denied (1988), 484 U.S. 1047, 108 S.Ct. 785, rehearing denied (1988),485 U.S. 972, 108 S.Ct. 1252.
 {¶ 37} "`The fact evidence is damaging or harmful to the defense is not the meaning of prejudice as set forth in the rules of evidence.'"Freily, supra, quoting Bernatowicz, at 138, citing State v. Bakst
(1986), 30 Ohio App.3d 141, 144. "`It is only when evidence will induce the jury to decide the case on an improper basis, often an *Page 14 
emotional one, that a defendant suffers material prejudice.'"Freily, supra, citing Bernatowicz, at 138, citing United States v.Medina (C.A.7, 1985), 755 F.2d 1269. See, also, Wright, at 8 (stating that "[l]ogically, all evidence presented by a prosecutor is prejudicial, but not all evidence unfairly prejudices a defendant. It is only the latter that Evid. R. 403 prohibits").
 {¶ 38} Here, at a minimum, the evidence that plaintiff claims is prejudicial is relevant to a determination of punitive and compensatory damages related to plaintiff's cause of action and to a determination of whether plaintiff provoked the confrontation for which he seeks damages. Based on our review of the evidence, we therefore cannot conclude that there is a "clear showing" that the trial court acted arbitrarily, unreasonably, or unconscionably by admitting the evidence that plaintiff finds objectionable. See Sidenstricker, at ¶ 23 (stating in part "absent a clear showing that the court abused its discretion in a manner that materially prejudices a party, [an appellate court] will not disturb the trial court's evidentiary ruling"). Because the trial court did not abuse its discretion, we therefore overrule plaintiff's second assignment of error.
 {¶ 39} Accordingly, having overruled both of plaintiff's assignments of error, we therefore affirm the judgment of the Franklin County Court of Common Pleas.
Judgment affirmed.
SADLER, J., concurs.
KLATT, J., dissents.
[1] The parties do not dispute that plaintiff was later acquitted of the criminal trespassing charge arising out of this incident.
[2] "`The standard for review of the sufficiency of the evidence in a civil case is similar to the standard for determining whether to sustain a motion for judgment notwithstanding the verdict, which is whether the defendant is entitled to judgment as a matter of law when the evidence is construed most strongly in favor of the prevailing party[.]'"Brooks-Lee v. Lee, Franklin App. No. 03AP-1149, 2005-Ohio-2288, at ¶ 19, appeal not allowed, 106 Ohio St.3d 1545, 2005-Ohio-5343, quotingHartford Cas. Ins. Co. v. Easley (1993), 90 Ohio App.3d 525, 530. "`In other words, is the verdict one which could reasonably be reached from the evidence?'" Id.; see, also, Howard v. Himmelrick, Franklin App. No. 03AP-1034, 2004-Ohio-3309, at ¶ 4.
[3] Following plaintiff's arrest for criminal trespassing, (2004) Am. Sub. H.B. No. 12 amended R.C. 2911.21, effective April 8, 2004. Divisions (A)(2) and (A)(4) were amended by (2004) Am. Sub. H.B. No. 12.