[Cite as *Strickling v. Ohio State Hwy. Patrol*, 2013-Ohio-4840.]



# Court of Claims of Ohio

The Ohio Judicial Center
65 South Front Street, Third Floor
Columbus, OH 43215
614.387.9800 or 1.800.824.8263
www.cco.state.oh.us

MICHAEL RAY STRICKLING

    Plaintiff

    v.

OHIO STATE HIGHWAY PATROL

    Defendant

Case No. 2012-06050

Judge Patrick M. McGrath
Magistrate Robert Van Schoyck

ENTRY GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

{¶ 1} On February 21, 2013, defendant filed a motion for summary judgment pursuant to Civ.R. 56(B). Plaintiff did not file a response. The motion is now before the court for a non-oral hearing pursuant to L.C.C.R. 4(D).

{¶ 2} Civ.R. 56(C) states, in part, as follows:

{¶ 3} "Summary judgment shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence, and written stipulations of fact, if any, timely filed in the action, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. No evidence or stipulation may be considered except as stated in this rule. A summary judgment shall not be rendered unless it appears from the evidence or stipulation, and only from the evidence or stipulation, that reasonable minds can come to but one conclusion and that conclusion is adverse to the party against whom the motion for summary judgment is made, that party being entitled to have the evidence or stipulation construed most strongly in the party's favor." *See also*

*Gilbert v. Summit Cty.*, 104 Ohio St.3d 660, 2004-Ohio-7108, citing *Temple v. Wean United, Inc.*, 50 Ohio St.2d 317 (1977).

{¶ 4} It is undisputed that on May 28, 2012, Trooper D.L. Deluca, an employee of defendant, initiated a traffic stop of plaintiff's vehicle on U.S. Route 42 in Richland County. It is also undisputed that after the administration of field sobriety tests, plaintiff was placed in handcuffs and detained in Deluca's patrol car, and his vehicle was towed from the scene, but he was not charged with a crime; according to the complaint, plaintiff left in a taxicab. Plaintiff brings this action asserting claims of false arrest, false imprisonment, and battery.

{¶ 5} "False imprisonment occurs when a person confines another intentionally 'without lawful privilege and against his consent within a limited area for any appreciable time, however short.'" *Bennett v. Ohio Dept. of Rehab. & Corr.*, 60 Ohio St.3d 107, 109 (1991), quoting *Feliciano v. Kreiger*, 50 Ohio St.2d 69, 71 (1977). Similarly, "[t]he tort of false arrest involves depriving a person of his or her liberty without lawful justification. The plaintiff must only show that he or she was detained and that the detention was unlawful." *Hinkle v. Columbus*, 10th Dist. No. 04AP-1195, 2006-Ohio-1522, ¶ 20, citing *Harvey v. Horn*, 33 Ohio App.3d 24, 27 (10th Dist.1986). "[A]lthough the tort of false arrest does not require proof of a lack of probable cause, * * * 'the issue of probable cause remains significant in a false arrest case because its existence renders the arrest lawful.'" *Koss v. Kroger Co.*, 10th Dist. No. 07AP-450, 2008-Ohio-2696, ¶ 23, quoting *Hinkle* at ¶ 20.

{¶ 6} "To determine whether a police officer had probable cause to arrest an individual for operating a vehicle while under the influence of alcohol, a court looks at whether, at the moment of the arrest, the officer had sufficient information, from a reasonably trustworthy source, of facts and circumstances which were sufficient to lead a prudent person to believe the individual was operating a vehicle under the influence. * * * This determination requires an examination of the totality of the facts and

circumstances surrounding the arrest. * * * Furthermore, '[p]robable cause to arrest does not have to be based, in whole or in part, upon a suspect's poor performance on one or more field sobriety tests.'" *Columbus v. Shepherd*, 10th Dist. No. 10AP-483, 2011-Ohio-3302, ¶ 29, quoting *Columbus v. Bickis*, 10th Dist. No. 09AP-898, 2010-Ohio-3208, ¶ 21.

{¶ 7} In support of its motion, defendant submitted an affidavit from Deluca, as well as authenticated video footage of the traffic stop. In his affidavit, Deluca avers that he initiated the traffic stop because he observed plaintiff driving 49 miles per hour in a 35 mile per hour zone. Deluca states that plaintiff drove over the white stop line while stopping for a traffic light, and later swerved, and that these can be signs of intoxication. Deluca also states that after plaintiff pulled over, he displayed numerous indicators of being intoxicated, including a strong smell of alcohol emanating from the vehicle, glassy and bloodshot eyes, plaintiff's admission that he had been drinking that night, plaintiff's use of chewing gum presumably to mask his breath, the way that plaintiff's eyes shook during the "Horizontal gaze and Nystagmus tests," the way that plaintiff swayed and held his arms out from his body during the "One-leg stand test," and the way plaintiff stumbled when he began the "Walk and Turn test." Deluca further avers that after completing the aforementioned tests, he administered "a Portable Breath Test and obtained a result of .04 BAC." Deluca adds that based upon his training and experience, "the Portable Breath Test alone does not establish that an individual is not intoxicated. My training and experience teaches me that all factors displayed in the field must be taken into account when determining if someone is driving under the influence[.]" Deluca thus avers that "[b]ased on my training and experience I believed Plaintiff was intoxicated because he displayed numerous indicators of being intoxicated."

{¶ 8} Upon review of the uncontested evidence presented by defendant, reasonable minds can only conclude that Deluca had lawful authority to detain plaintiff for the offense of operating a vehicle under the influence of alcohol in violation of R.C.

4511.19. Accordingly, plaintiff cannot prevail upon his claims for false arrest and false imprisonment.

{¶ 9} With respect to plaintiff's claim for battery, "[o]fficers are privileged to commit battery when making a lawful arrest, but the privilege is negated by the use of excessive force." *Alley v. Bettencourt*, 134 Ohio App.3d 303, 313 (4th Dist.1999); *see also* Restatement of the Law 2d, Torts, Section 118, Comment b (1965) ("Where a privilege to arrest exists, it justifies not only the confinement but also any conduct which is reasonably necessary to effect the arrest."). Inasmuch as plaintiff's arrest was lawful, Deluca was privileged to take such action as reasonably necessary to effect the arrest, and given that plaintiff has produced no evidence from which a reasonable trier of fact could find that the privilege was negated, plaintiff's claim of battery must fail as a matter of law.

{¶ 10} Finally, to the extent that plaintiff's complaint makes a reference to intentional infliction of emotional distress, "[p]arties cannot generally be held liable for intentional infliction of emotional distress for having performed an act they were legally entitled to perform." *Morrow v. Reminger & Reminger Co. LPA*, 183 Ohio App.3d 40, 2009-Ohio-2665, ¶ 49 (10th Dist.). Accordingly, defendant cannot be held liable to the extent that plaintiff seeks to recover under a theory of intentional infliction of emotional distress.

{¶ 11} For the foregoing reasons, the court concludes that there are no genuine issues of material fact and that defendant is entitled to judgment as a matter of law. Accordingly, defendant's motion for summary judgment is GRANTED and judgment is rendered in favor of defendant. All previously scheduled events are VACATED. Court costs are assessed against plaintiff. The clerk shall serve upon all parties notice of this judgment and its date of entry upon the journal.

_____
PATRICK M. MCGRATH
Judge

cc:

Kristin S. Boggs
Assistant Attorney General
150 East Gay Street, 18th Floor
Columbus, Ohio 43215-313

Michael Ray Strickling
470 Annadale Avenue, #207
Mansfield, Ohio 44905

001
Filed May 15, 2013
To S.C. Reporter October 31, 2013