WELCH, ADMR., APPELLANT, *v.* THE BALTIMORE & OHIO
RAILROAD CO., APPELLEE.

(No. 2629—Decided July 29, 1961.)

*Messrs. Sharts, Singer & Brown,* for appellant.
*Messrs. Marshall & Smith,* for appellee.

KERNS, J. This is an action for wrongful death, commenced in the Court of Common Pleas of Montgomery County on March 31, 1958, by James D. Welch, as administrator of the estate of Kenneth E. Welch, deceased.

The defendant company owns certain railroad tracks which extend in a northerly and southerly direction in Montgomery County. These tracks pass over a trestle which spans the Great

Miami River near the boundary of Harrison and Mad River townships.

At about noon on June 17, 1957, the plaintiff's decedent, Kenneth E. Welch, an eight-year-old boy, was attempting to cross the trestle when struck by a southbound train of the defendant company, causing him to fall into the river below, where he drowned.

This appeal is from a judgment of the trial court sustaining a motion of the defendant for a directed verdict at the close of plaintiff's case.

Three errors have been assigned: (1) That the trial court erred in refusing to permit plaintiff to call certain witnesses as upon cross-examination; (2) that the trial court erred in rejecting certain testimony; and (3) that the trial court erred in directing a verdict in favor of defendant and against plaintiff.

The first assignment of error leads directly to Section 2317.52, Revised Code, which provides as follows:

"When the action or proceeding relates to a transaction or occurrence in which it has been shown or it is admitted that the adverse party acted either in whole or in part through an agent or employee, such agent or employee of the adverse party may be called as a witness and examined as if under cross-examination upon any matters at issue between the parties which are shown or admitted to have been within the scope of such agent's or employee's authority or employment.

"The party calling for such examination shall not thereby be concluded but may rebut such agent's or employee's testimony by counter testimony.

"The party whose agent or employee is called as a witness by the adverse party and whose agent or employee is examined as if under cross-examination shall not thereby be concluded but may rebut such agent's or employee's testimony by counter testimony."

This is a comparatively new statute (1957), and apparently was drafted without regard for the difficulty which courts have encountered in the construction of similar statutes. See Annotation, 56 A. L. R. (2d), 1108.

In the case of *Wright* v. *Cincinnati, New Orleans & Texas Pacific Ry. Co.,* 107 Ohio App., 310, the court, at page 312, construed the language thereof as follows:

"Coming to the second assignment of error, namely, that

the court erred in construing Section 2317.52 of the Revised Code, this court agrees that the Legislature might have been more specific in what it intended. However, considering this section in connection with the sections which permit cross-examination by an adverse party, Section 2317.52, Revised Code, should not be construed to mean that anybody who is an agent or works for an adverse party may be called as if on cross-examination. The statute says that 'when the action * * * relates to a transaction or occurrence in which it has been shown or it is admitted that the adverse party acted either in whole or in part through an agent * * * such agent * * * may be called as a witness and examined as if under cross-examination.' *To this court, this language means that for an agent to be called as if on cross-examination it must appear that the agent has some knowledge of a fact or facts which is or are relevant to the transaction or occurrence which gives rise to the action or proceeding.* While we think that we have stated the meaning of the statute, we admit that its application will be attended with difficulty. However, this is not the fault of the courts. As we interpret Section 2317.52, Revised Code, the conductor of the train on which the plaintiff was riding certainly had knowledge of many of the facts having to do with the 'occurrence' leading up to the time of plaintiff's injuries; he, therefore, was subject, under the statute, to cross-examination on those matters.'' (Emphasis ours.)

The meaning which that court attributes to the language of Section 2317.52 seems consonant with reason in view of the obvious purpose of the enactment, but we are of the opinion that such definition should be supplemented to the extent that the statute, by its own terms, is restricted in operation to ''such employees'' as were acting for their employer in some capacity related to the transaction or occurrence which gives rise to the cause of action.

Under the provisions of Section 2317.52, Revised Code, one of the witnesses called by the plaintiff for cross-examination was Ernest Tracy. The defendant objected, and the court ordered that the witness be examined as upon direct examination until such time as the right to cross-examine was shown.

After direct testimony which clearly established that Tracy was a proper subject of cross-examination under Section

2317.52, Revised Code, the plaintiff again requested that he be permitted to proceed as upon cross-examination. The trial court granted the request, and a detailed cross-examination of the witness followed. We observe no prejudicial error in the procedure followed by the trial court.

Another witness called by the plaintiff for cross-examination was Earl Campbell. Campbell was employed by the defendant on June 17, 1957, as a trackman. His duties, according to his testimony, involved raising track, changing rails and "keeping up the tracks." On the day of decedent's death, he was piling ballast around railroad ties in the area where the fatal incident occurred, and only a short time before had assisted a crew in removing a tamping machine from the tracks where the train passed which caused the decedent to fall into the river. Although Campbell saw the train go into emergency and stop, he apparently had no special knowledge of facts bearing upon the issues raised in the case. He was not a member of the crew which controlled the movement of the train. Nor did he exercise any other function within the scope of employment which in any way related to the fatal accident. We are therefore inclined to agree with the trial court that Campbell did not act for the defendant in any particular related to the "occurrence" so as to qualify him for cross-examination within the scope of Section 2317.52, Revised Code. But were we to assume that this claim of error was sound, it does not necessarily follow that the plaintiff was prejudiced thereby. Campbell was not an unwilling or evasive witness on direct examination. At the time of trial, he was no longer employed by the defendant company, and his testimony leans unmistakably toward the plaintiff who was formerly his neighbor. As we view the record, it appears doubtful that cross-examination of this witness by the plaintiff would have exposed any facts favorable to the plaintiff's case which were not completely explored on direct examination.

We agree also with the trial court that Chester B. Kesler was not subject to cross-examination by the plaintiff under the authority of Section 2317.52, Revised Code. The record discloses that he was employed by the defendant company as a district claim agent, and there is nothing in the record to indicate that he had any particular knowledge of facts bearing upon the

issues raised by the pleadings. The plaintiff states in his brief that he "believes" Kesler has knowledge of a speed tape which was on the defendant company's train, but Kesler's testimony is in direct contradiction of any such belief.

The plaintiff contends further that Kesler was also subject to cross-examination under the authority of Section 2317.07, Revised Code, because he was in court in the place and stead of officers of the defendant company. Section 2317.07, Revised Code, provides in part:

"At the instance of the adverse party, a party may be examined as if under cross-examination * * *. If the party is a corporation, any or all of the officers thereof may be so examined at the instance of the adverse party. * * *."

Although Kesler was an employee of the defendant and remained in the courtroom after the separation of witnesses, this statute confers no right to cross-examine an agent or employee of an adverse party. As may be noted therefrom, it applies exclusively to officers of the corporation. See *Whistler* v. *Cowan et al., Recrs.*, 4 C. C. (N. S.), 625, affirmed without opinion, 70 Ohio St., 514; *Monnett* v. *Producers Co-Operative Commission Assn.*, 19 Ohio Law Abs., 581. The first assignment of error will be overruled.

With reference to the second assignment of error, it is apparent that the rejected testimony, as disclosed by the proffered answers, was not crucial in the determination of the motion for a directed verdict, and did not, therefore, materially affect the outcome of this case. More important is the question of whether the trial court erred in directing a verdict for the defendant. In so doing, the trial court found from the evidence that the decedent was a trespasser upon railroad property, and we find nothing in the record which seriously disputes that finding. The evidence presented was clearly incapable of elevating the status of the decedent to that of an invitee. The defendant therefore owed no duty to the decedent except to refrain from wilfully or wantonly injuring him and to exercise ordinary care after discovering him in a place of danger. 46 Ohio Jurisprudence (2d), 306, Section 287; 39 Ohio Jurisprudence (2d), 576, Section 58.

In *Soles, Admr.,* v. *Ohio Edison Co.,* 144 Ohio St., 373, the first paragraph of the syllabus reads:

"An occupier of land, either as lessee, tenant or by suffer-

ance, owes no duty to a trespasser or licensee upon such land except to refrain from wanton, willful or reckless misconduct which is likely to injure him.''

In *Cleveland, Cincinnati, Chicago & St. Louis Ry. Co.* v. *Potter,* 113 Ohio St., 591, where the duty owed a licensee on railroad property was considered, the court said, at page 600:

''* * * Such being his status, the overwhelming weight of authority in this state and elsewhere is to the effect that there is no legal duty owing on the part of a defendant to one who was not an employe and who had placed himself in a position of peril, as was done under the circumstances here related, except the duty to refrain from willfully and wantonly injuring him and to use all reasonable care to avoid injuring him after discovering him in such position.''

In *Hannan, Admr.,* v. *Ehrlich,* 102 Ohio St., 176, the court, at page 185, said:

''The authorities are in perfect harmony as to the duty owing to a licensee, and it may be generally stated that a licensee takes his license subject to its attendant perils and risks, that the licensor owes him no duty except to refrain from wantonly or wilfully injuring him, and that he should exercise ordinary care after discovering him to be in peril.''

In the application of this rule, the infancy or minority of a child is not a controlling or deterring factor. *Railroad Co.* v. *Harvey,* 77 Ohio St., 235; *Sharp Realty Co.* v. *Forsha, a Minor,* 122 Ohio St., 368; *Carter* v. *Pennsylvania Rd. Co.,* 75 Ohio App., 156; *Pennsylvania Rd. Co.* v. *Milleson, a Minor,* 51 Ohio App., 528; *Hannon, Admr.,* v. *Ehrlich, supra; Brown, Admr.,* v. *Rechel,* 108 Ohio App., 347.

From the foregoing, it is apparent that the only duty the defendant owed to the decedent was to use reasonable care to avoid injuring him after discovering him in a position of peril. In this regard, the evidence discloses that the engineer of the train applied the emergency brakes approximately 120 feet north of the railroad bridge when the train was moving south at about 20 to 25 miles per hour; that he sounded the engine bell and blew the whistle; and that he made an exclamation to attract the attention of other members of the crew. There is no evidence that any member of the crew saw the decedent before the engineer applied the brakes, and there is no evidence that

the engineer saw the decedent until immediately before he applied the emergency brakes.

Unfortunately, the train did not come to a stop until the engine was about 25 feet beyond the position occupied by the decedent when last seen, at which time the fireman left the engine, ran down the bank and dove into the water in an attempt to rescue him.

The plaintiff offered expert testimony in an attempt to show that the train would have stopped before reaching the decedent if the emergency brakes were applied when the defendant first became aware of his presence, but such testimony, in our opinion, is devoid of many practical considerations, within the scope of applicable law, so as to present issuable facts for the consideration of the jury.

In support of his contention that the doctrine of ''discovered peril'' should be applied in this case, the plaintiff relies principally upon the authority of *Cole, Admr.,* v. *New York Central Rd. Co.,* 150 Ohio St., 175. In that case, however, it appears from the facts that the defendant company did nothing to avert injury to the plaintiff's decedent after discovering him in a position of peril, whereas it appears from the evidence here that the defendant company did everything reasonable within its command to avoid the accident after discovering the decedent in a place of danger.

Testing the evidence by the standard of ordinary care, we conclude that reasonable minds could arrive at but one conclusion, *i. e.,* that negligence was not proven.

We find no assignment of error well made. The judgment is affirmed.

*Judgment affirmed.*

CRAWFORD, P. J., and SHERER, J., concur.