[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] JUDGMENT ENTRY.
This appeal, considered on the accelerated calendar under App.R. 11.1(E) and Loc.R. 12, is not controlling authority except as provided in S.Ct.R.Rep.Op. 2(G)(1).
The first assignment of error, which alleges that the trial court erred in granting the motion for summary judgment of defendants-appellees Norfolk Southern Corporation and Norfolk and Western Railway Company, is overruled. Kevin Sampson was an undiscovered trespasser, and, therefore, the railroad owed him no duty other than to refrain from injuring him by willful or wanton misconduct. See McKinney v. Hartz Restle Realtors, Inc. (1987),31 Ohio St.3d 244, 510 N.E.2d 386; Brooks v. Norfolk WesternRailway Co. (1976), 45 Ohio St.2d 34, 340 N.E.2d 392; Welch v. TheBaltimore Ohio Railraod Co. (1961), 117 Ohio App. 160,191 N.E.2d 359; Hagood v. Grand Trunk Western Railroad Co. (Jan. 23, 1991), Hamilton App No. C-890724, unreported; Fitzgerald v. PennCentral Transportation Co. (Feb. 27, 1979), Franklin App. No. 78AP-413, unreported. Following a review of the record, we hold that it contains no evidence of willful or wanton misconduct on the part of the railroad.
The second assignment of error is overruled because Ohio has repeatedly and expressly rejected the attractive-nuisance doctrine. See McKinney v. Hartz Restle Realtors, Inc.,supra; Elliott v. Nagy (1986), 22 Ohio St.3d 58,488 N.E.2d 853; Hagood v. Grand Trunk Western Railroad Co.,supra.
Therefore, the judgment of the trial court is affirmed.
Further, a certified copy of this Judgment Entry shall constitute the mandate, which shall be sent to the trial court under App.R. 27. Costs shall be taxed under App.R. 24.
Doan, P.J., Hildebrandt and Gorman, JJ.
 To the Clerk:
per order of the Court _______________________________.
________________________________________________________ Presiding Judge