[Cite as *Haas v. Chesapeake*, 2017-Ohio-5702.]

STATE OF OHIO, CARROLL COUNTY

IN THE COURT OF APPEALS

SEVENTH DISTRICT

| | | |
|---|---|---|
| DAVID L. HAAS | ) | CASE NO. 13 CA 0895 |
| | ) | |
| PLAINTIFF-APPELLANT | ) | |
| | ) | |
| VS. | ) | OPINION |
| | ) | |
| CHESAPEAKE EXPLORATION, L.L.C., | ) | |
| et al. | ) | |
| | ) | |
| DEFENDANTS-APPELLEES | ) | |

CHARACTER OF PROCEEDINGS:      Civil Appeal from the Court of Common
                              Pleas of Carroll County, Ohio
                              Case No. 12 CVH 27056

JUDGMENT:                     Affirmed.
                              Remanded.

APPEARANCES:
For Plaintiff-Appellant, David L. Haas:      Atty. Brendan Delay
                                            24500 Center Ridge Road, Suite 160
                                            Westlake, Ohio  44145

For Defendant-Appellee,                     Atty. Timothy McGranor
Chesapeake Exploration, L.L.C.:             Vorys, Sater, Seymour and Pease LLP
                                            52 East Gay Street
                                            Columbus, Ohio  43215

For Defendants-Appellees,                   Atty. Brent A. Barnes
Marbel Investments, L.L.C. and              Geiger Teeple Robinson
Marbel Investments Oil and Gas, L.L.C:        & McElwee, PLLC
                                            1844 W. State St., Suite A
                                            Alliance, Ohio  44601

JUDGES:
Hon. Cheryl L. Waite
Hon. Gene Donofrio
Hon. Carol Ann Robb

Dated:  June 29, 2017

WAITE, J.

**{¶1}** Appellant David L. Haas appeals an October 16, 2013 decision of the Carroll County Common Pleas Court to grant summary judgment in favor of Appellees Marbel Investments L.L.C., Marbel Investments Oil and Gas L.L.C. (collectively referred to as the "Marbel companies"), and Chesapeake Exploration L.L.C. ("Chesapeake"). Appellant argues that the trial court erroneously applied the 2006 Dormant Mineral Act ("DMA") instead of the 1989 version of the statute. Appellant also argues that the trial court improperly disregarded several aspects of his affidavit. Pursuant to *Albanese v. Batman*, 148 Ohio St.3d 85, 2016-Ohio-5814, 68 N.E.3d 800, the trial court's decision to apply the 2006 version of the Act is correct. However, because Appellant's claims regarding the Marketable Title Act ("MTA") are still pending in the trial court, the matter is remanded for consideration of these claims.

Factual and Procedural History

**{¶2}** This appeal concerns the ownership of mineral interests beneath approximately 140 acres of land located in Carrollton. On September 8, 1865, James A. and Kate Saxton conveyed the surface interests of the land to James M. Scott. The Saxtons reserved the mineral interests through the following language: "Reserving to said Saxton, his heirs and assigns, all the minerals, oils, or other materials under said surface with the right to use so much of said surface as he or they may deem necessary to explore for, take out or remove therefrom any minerals, oil or other materials." (8/30/13 Marbel Motion for Summary Judgment, Exh. E-1.) On February 11, 1913, a separate tax parcel was created for these mineral interests.

On October 14, 1943, Marshall Belden acquired the mineral interests from the Saxton heirs.

{¶3} Title to the surface rights was transferred several times before Beverly Hass conveyed the surface rights to Appellant on July 24, 1970. The deed was recorded on August 14, 1970. The deed referenced the Saxton reservation. On November 10, 1976, Appellant filed a complaint seeking to quiet title pursuant to R.C. 5301.53 and R.C. 5301.56 against the Heirs of James A. Saxton, Kate Saxton, Sun Oil Company, J.T. Cogsil, Mary B. Barber, Oliver Cogsil, and Marshall Belden. On December 9, 1976, Belden filed an affidavit of preservation. On January 6, 1977, the trial court granted Belden's motion to dismiss the complaint with prejudice.

{¶4} On May 13, 1996, the Estate of Marshall Belden conveyed the mineral interests to J.R. Operating Company ("J.R."). On June 24, 1996, J.R. filed an affidavit of preservation. On February 17, 1998, J.R. conveyed the mineral interests to Marbel Trust. The mineral interests were later transferred to Marbel Investments, L.L.C., and then to Marbel Investments Oil and Gas, L.L.C. On January 3, 2012, Chesapeake filed a "Release of Oil and Gas Lease," terminating its lease with Appellant. Chesapeake later entered into a lease with the Marbel companies.

{¶5} On February 14, 2012, Appellant filed a complaint sounding in breach of contract and seeking declaratory judgment and specific performance against Chesapeake. Chesapeake removed the case to federal court based on diversity jurisdiction. After the case was removed, Appellant filed a motion for leave to amend his complaint to add the Marbel companies as codefendants and to include DMA and

MTA claims. On January 28, 2013, the federal court granted Appellant's motion. After the Marbel companies were added as codefendants, diversity jurisdiction no longer existed and the federal court remanded the case to the common pleas court.

**{¶6}** On June 14, 2013, the Marbel companies filed a motion for summary judgment. On August 16, 2013, Appellant filed a combined motion in opposition and a cross-motion for summary judgment on all issues but his MTA claims. On August 28, 2013, Chesapeake also filed a motion for summary judgment against Appellant. Two days later, the Marbel companies filed a second motion for summary judgment which the trial court merged with the first. On October 16, 2013, the trial court decided that Appellant failed to comply with the notice requirements of the 2006 DMA and granted Appellees' motion for summary judgment. While the trial court ruled on a number of other issues, including issues surrounding breach of contract and requests for specific performance, the trial court expressly determined that MTA claims were not ripe for summary judgment. The trial court's decision contained Civ.R. 54(B) language. Appellant solely appeals the trial court's decision as to the DMA.

Summary Judgment

**{¶7}** An appellate court conducts a *de novo* review of a trial court's decision to grant summary judgment, using the same standards as the trial court set forth in Civ.R. 56(C). *Grafton v. Ohio Edison Co.,* 77 Ohio St.3d 102, 105, 671 N.E.2d 241 (1996). Before summary judgment can be granted, the trial court must determine that: (1) no genuine issue as to any material fact remains to be litigated, (2) the

moving party is entitled to judgment as a matter of law, (3) it appears from the evidence that reasonable minds can come to but one conclusion, and viewing the evidence most favorably in favor of the party against whom the motion for summary judgment is made, the conclusion is adverse to that party. *Temple v. Wean United, Inc.,* 50 Ohio St.2d 317, 327, 364 N.E.2d 267 (1977). Whether a fact is "material" depends on the substantive law of the claim being litigated. *Hoyt, Inc. v. Gordon & Assoc., Inc.*, 104 Ohio App.3d 598, 603, 662 N.E.2d 1088 (8th Dist.1995).

**{¶8}** "[T]he moving party bears the initial responsibility of informing the trial court of the basis for the motion, and identifying those portions of the record which demonstrate the absence of a genuine issue of fact on a material element of the nonmoving party's claim." (Emphasis deleted.) *Dresher v. Burt*, 75 Ohio St.3d 280, 296, 662 N.E.2d 264 (1996). If the moving party carries its burden, the nonmoving party has a reciprocal burden of setting forth specific facts showing that there is a genuine issue for trial. *Id.* at 293. In other words, when presented with a properly supported motion for summary judgment, the nonmoving party must produce some evidence to suggest that a reasonable factfinder could rule in that party's favor. *Brewer v. Cleveland Bd. of Edn.,* 122 Ohio App.3d 378, 386, 701 N.E.2d 1023 (8th Dist.1997).

**{¶9}** The evidentiary materials to support a motion for summary judgment are listed in Civ.R. 56(C) and include the pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence, and written stipulations of fact that have been filed in the case. In resolving the motion, the court

views the evidence in a light most favorable to the nonmoving party. *Temple*, 50 Ohio St.2d at 327.

## ASSIGNMENT OF ERROR NO. 1

THE TRIAL COURT ERRED BY WITHOUT RATIONALE APPLYING THE 2006 VERSION OF THE DORMANT MINERALS ACT R.C. 5301.56 (B)(3) REQUIRING APPELLANT TO HAVE SENT ANY SUBSURFACE HOLDER THE STATUTORILY PRESCRIBED NOTICE OR BY RECORDING THE STATUTORILY REQUIRED AFFIDAVIT OF ABANDONMENT.

**{¶10}** We note that the briefing schedule in this matter was completed prior to the Ohio Supreme Court's recent DMA decisions. Appellant attempted to present a supplemental brief during oral argument. This supplemental brief was denied as untimely and will not be considered.

**{¶11}** Appellant argues that the trial court erroneously applied the 2006 version of the DMA instead of the 1989 version. In lieu of providing a substantive argument, Appellant pasted a nine-page article discussing the interplay between the 1989 and 2006 versions of the DMA. We can glean from Appellant's limited discussion that he believes that the trial court should have applied the 1989 DMA and found that the surface and mineral interests reunited due to the lack of a savings event.

**{¶12}** In response, Appellees collectively contend that Appellant cannot succeed in his claim regardless of whether the 1989 or 2006 DMA is applied.

Appellees urge that it is undisputed that Appellant failed to comply with the notice requirements and cannot succeed on a 2006 DMA claim.  Regardless of whether the 1989 or 2006 DMA applies, Appellees argue that its interests have been preserved through several claims of preservation and numerous title transactions.

{¶13} The Ohio Supreme Court recently addressed this issue in *Corban v. Chesapeake Exploration, L.L.C.,* __ Ohio St.3d __, 2016-Ohio-5796, __ N.E.3d __. The Court held that:

> [A]s of June 30, 2006, any surface holder seeking to claim dormant mineral rights and merge them with the surface estate is required to follow the statutory notice and recording procedures enacted in 2006 by H.B. 288.  These procedures govern the manner by which mineral rights are deemed abandoned and vested in the surface holder and apply equally to claims that the mineral interests were abandoned prior to June 30, 2006.

*Stalder v. Bucher,* 7th Dist. No. 14 MO 0010, 2017-Ohio-725, ¶ 10, quoting *Corban, supra*, ¶ 31.

{¶14} Appellant filed his complaint on February 14, 2012.  As such, the 2006 DMA controls this matter.  Although Appellant appears to argue that the 1989 DMA was self-executing and automatically transferred ownership rights of the minerals by operation of law, the *Corban* Court clearly held otherwise.  Accordingly, the trial court properly relied on the 2006 DMA.

**{¶15}** According to the Ohio Supreme Court, "[i]n order for a severed mineral interest to be deemed abandoned and vested in the surface owner under the 2006 version of the ODMA, the owner of the surface rights must comply with R.C. 5301.56(E)." *Albanese, supra*, at ¶ 27. Pursuant to R.C. 5301.56(E)(1), a surface owner attempting to reunite the surface with the mineral interests must "[s]erve notice by certified mail, return receipt requested, to each holder or each holder's successors or assignees, at the last known address of each, of the owner's intent to declare the mineral interest abandoned." The record clearly demonstrates that Appellant failed to serve Appellees with the requisite notice pursuant to R.C. 5301.56. Appellant does not dispute this finding. As such, the trial court properly determined that Appellant failed to comply with the 2006 DMA. Appellant's first assignment of error is without merit and is overruled.

**{¶16}** Appellant additionally argues that Appellees' rights have been extinguished pursuant to the MTA. As noted by the trial court, Appellant did not raise this issue within his motion for summary judgment and summary judgment was limited to issues surrounding the DMA. Consequently, the question of whether Appellees' rights were extinguished pursuant to the MTA remain pending in the trial court. This record reflects that questions of fact remain as to whether or in what manner this matter is impacted by operation of the MTA and the matter must be remanded to the trial court to address these claims.

**{¶17}** We also note that Appellant argued at oral argument that certain probate records show a break in the chain of title. Appellant failed to raise this

argument in his appellate brief, thus he is limited to a plain error review. Appellees attached copies of the following deeds to the August 30, 2013 motion for summary judgment: May 13, 1996 conveyance from the estate of Marshall Belden to J.R., February 17, 1998 conveyance from J.R. to Marbel Trust, December 23, 2002 conveyance from Marbel Trust to Marbel Investments, and a December 29, 2011 conveyance from Marbel Investments to Marbel Oils and Gas. (8/30/13 Marbel Motion for Summary Judgment, Exhs. F13-F17.) These documents show an unbroken chain of title regarding the mineral interests, and Appellant has not demonstrated plain error in the trial court's decision on this issue.

## ASSIGNMENT OF ERROR NO. 2

THE TRIAL COURT ERRED BY DISREGARDING "SOME ALLEGATIONS" IN APPELLANT'S AFFIDAVIT FOR PURPORTED LACK OF PERSONAL KNOWLEDGE WITHOUT SPECIFYING WHICH ALLEGATIONS WERE DISREGARDED.

{¶18} Appellant contends that the trial court erroneously disregarded several aspects of his affidavit based on his lack of personal knowledge. Appellant contends that the trial court's actions were arbitrary, as he detailed the basis of his personal knowledge within his affidavit.

{¶19} In response, Appellees argue that Appellant has failed to demonstrate that the trial court's decision was arbitrary, unreasonable, or unconscionable. Regardless, Appellees argue that this issue is moot since Appellant admittedly failed to comply with R.C. 5301.56(E).

**{¶20}** Pursuant to Civ.R. 56(E), "affidavits shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated in the affidavit." " '[A] mere assertion of personal knowledge satisfies Civ.R. 56(E) if the nature of the facts in the affidavit combined with the identity of the affiant creates a reasonable inference that the affiant has personal knowledge of the facts in the affidavit.' " *Bailey v. George,* 7th Dist. No. 15 CO 0029, 2017-Ohio-767, ¶ 22, citing *Ryan v. Huntington Trust,* 2015-Ohio-1880, 35 N.E.3d 19, ¶ 24 (7th Dist.); *Residential Funding Co., LLC v. Thorne*, 6th Dist. No. L–09–1324, 2010-Ohio-4271, ¶ 70.

**{¶21}** A trial court's decision to admit or exclude affidavit evidence is reviewed for an abuse of discretion. *Carter v. U-Haul Internatl.,* 10th Dist. No. 09AP-310, 2009-Ohio-5358, ¶ 9, citing *Boggs v. The Scotts Co.*, 10th Dist. No. 04AP-425, 2005-Ohio-1264, ¶ 35; *Sidenstricker v. Miller Pavement Maintenance, Inc.*, 158 Ohio App.3d 356, 2004-Ohio-4653, 815 N.E.2d 736, ¶ 23 (10th Dist.); *Krischbaum v. Dillon*, 58 Ohio St.3d 58, 65, 567 N.E.2d 1291 (1991).

**{¶22}** As earlier discussed, the threshold issue before the trial court in summary judgment was which version of the DMA was applicable to the parties' claims. As noted, the trial court properly determined the 2006 version applied and was looking at the evidence provided by the parties through that lens. The affidavit in question did not allege that Appellant complied with the notice requirements of the 2006 DMA. Due to his admitted failure to comply with the 2006 DMA notice

requirements, Appellant's argument that the trial court did not accept his affidavit in full is moot. Even so, the record demonstrates that the trial court did not abuse its discretion in this regard. In one instance, Appellant averred that "[s]evered gas could not be transferred away from the property in 1866 since no pipelines then existed in Carroll County and no railroads existed in that township. The first commercial gas well was drilled in Ohio in 1884." (8/16/13 Haas Aff., ¶13.) Appellant does not provide any information within the affidavit to demonstrate his personal knowledge as to the existence of pipelines and railroads in the 1800's. We also note that much of Appellant's affidavit is illegible, hindering review of the averments contained in the affidavit. We can certainly determine, however, that Appellant failed to provide a basis for personal knowledge of some averments. Appellant's second assignment of error has no merit.

## Conclusion

{¶23} Appellant argues that the trial court erroneously applied the 2006 version of the DMA. Pursuant to *Corban, supra,* Appellant's argument is without merit. Appellant additionally argues that the trial court improperly disregarded several aspects of his affidavit. This record reflects that at least one of Appellant's averments lack a basis for personal knowledge. Appellant's arguments are without merit on these issues. However, Appellant's contentions regarding application of the MTA to this matter remain pending before the trial court and issues of fact apparently remain to be decided. Because these issues remain in the court, we must remand the matter for consideration of Appellant's claims regarding the MTA.

Donofrio, J., concurs.

Robb, P.J., concurs.